**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose BENJAMIN HERNANDEZ,**
**Defendant–Appellant.**

**No. 10–10501.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 19, 2012.*

Filed April 24, 2012.

James B. Morse, Jr., Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Mark Paige, Paige Law Firm, Phoenix, AZ, for Defendant–Appellant.

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

MEMORANDUM **

Defendant Jose Benjamin Hernandez appeals the district court's imposition of a sentence of 235 months' imprisonment following his guilty plea to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. We affirm.

1. The district court did not clearly err by finding that it was "reasonably foresee-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

able" that Defendant's co-conspirator would possess a firearm under U.S.S.G. §§ 1B1.3(a)(1)(B), 2D1.1(b)(1). *See United States v. Ortiz*, 362 F.3d 1274, 1275 (9th Cir.2004) (explaining the findings that a district court must make). The sentencing transcript makes clear that the district court found that, whether Defendant or the government had the burden of proof, the evidence overwhelmingly supported a finding of reasonable foreseeability. We agree.

2. The district court did not otherwise err at sentencing. *See generally United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc). The district court adequately considered the factors under 18 U.S.C. § 3553, and its imposition of a sentence at the low end of the Guidelines range was reasonable.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.